**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**TRELLIS EASON, et al.,**

      **Plaintiffs,**

  **v.**                                          **1:16-cv-04247-WSD**

**CITIMORTGAGE, INC.,**

      **Defendant.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Trellis Eason's ("Plaintiff" or "Eason")[1] Notice of Appeal [5],[2] which the Court treats as an Objection to the

---

[1] The filing states that it was filed by "Trellis Eason & Delores Davis [("Davis")] and ALL Others-as Plaintiff in the above-styled civil action . . . ." (Obj. at 1). The document only contains the signature of Plaintiff Eason. Generally, parties are able to represent themselves *pro se*. See 28 U.S.C. § 1654. "The right to appear *pro se*, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[T]he privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). Because Eason is not an attorney and is not licensed to practice law in this Court, he cannot represent Delores Davis or any other party. Therefore, the Court considers the Objection as filed by only Plaintiff Eason.

[2] Plaintiff states that he appeals the Magistrate Judge's order entered on "December 9th 2016 [sic]." The Court assumes that this is a typographical error

Magistrate Judge's December 8, 2016, Order ("Objection").[3]

I.      BACKGROUND

On November 15, 2016, Plaintiff Eason, *pro se*, filed an application to proceed *in forma pauperis* [1] ("IFP Application"). Eason attached to his IFP Application his Complaint [1.1] titled "Complaint Improper Foreclosure with Injunctive Relief with a Federal Stay of Eviction Pursuant to 28 USCA 1446(D)."

On November 17, 2016, Magistrate Judge Janet F. King issued an order on her review of the Complaint. ("November 17th Order" [2]). The Magistrate Judge found that Plaintiff's Complaint did not establish the Court's subject matter jurisdiction or properly state a claim for relief. (Id. at 7). The Magistrate Judge ordered:

> Plaintiff Eason and - if she properly executes the amended pleading - Plaintiff Davis are ordered within twenty-one days, using case number 1:16-cv-4247, to *either* (1), pursuant to 28 U.S.C. §§ 1441 and 1446, file a notice of removal along with all of the processes, paperwork and other filings from the dispossessory proceeding in the Magistrate Court of Douglas County, or (2) file an amended complaint which complies with Fed. R. Civ. P. 8 and 10 by setting forth in separately

---

and that Plaintiff objects to the Magistrate Judge's order signed and filed on December 8, 2016. ([4]).

[3] Federal Rule of Civil Procedure 72 provides that "[a] party may serve and file objections to [a nondispositive order by a magistrate judge] within 14 days after being served with a copy." Based on the content and timing of Plaintiff's filing, the Court construes it as an objection, rather than a notice of appeal.

>numbered paragraphs the factual basis for Plaintiffs' claims for relief and by stating in separately enumerated counts each cause of action, supported by the factual allegations, asserted against Defendant.

(Id. at 9).

On December 7, 2016, Eason filed his "Emergency Motion for Entry to Reconsider Order to Remand Case Back to State Court, Motion to Vacate Remand Order with Supplemental Jurisdiction and Stay of All Related State Court Claims Pursuant to 28 U.S.C.A. 1332" [3] ("Emergency Motion"). In it, Plaintiff Eason asked the Court to reconsider and vacate the Magistrate Judge's November 17th Order.

On December 8, 2016, the Magistrate Judge denied Plaintiff's Emergency Motion. ("December 8th Order" [4]). The Magistrate Judge concluded that (i) the November 17th Order did not remand this case to state court and (2) Plaintiff presented no new evidence for the Magistrate Judge to reconsider her previous order. (Id.).

On December 15, 2016, Plaintiff filed his Objection to the Magistrate Judge's December 8th Order. Plaintiff provides no basis for, or argument in support of, the Objection.

**II.     DISCUSSION**

    A.     Legal Standard

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority to hear and determine any nondispositive pretrial matter, and "the court may reconsider any pretrial matter [within the jurisdiction of the magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a) (district judge "must consider timely objections and modify or set aside any part of the [magistrate judge's] order [on a nondispositive pretrial matter] that is clearly erroneous or is contrary to law").

Section 636(b)(1)(A) excludes from a magistrate judge's authority "a motion for injunctive relief, for judgment on the pleadings, for summary judgment . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."  28 U.S.C. § 636(b)(1)(A).  For these dispositive motions, a magistrate judge may issue propose findings and recommendations, which the court may accept, reject, or modify.  28 U.S.C. § 636(b)(1)(B).  A district judge "shall made a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).

B.  Analysis

The Magistrate Judge's December 8th Order and November 17th Order are nondispositive and direct the Plaintiff to file supplemental pleadings for the processing of this action.  Plaintiff has not shown that the Magistrate Judge's December 8th Order or November 17th Order was "clearly erroneous" or "contrary to law."  Plaintiff did not provide any support for his objection to the Magistrate Judge's orders and the Court cannot find any error in the Magistrate Judge's reasoning or findings in the December 8th Order.  Plaintiff's Objection is overruled.

**III.  CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Trellis Eason's Objection to the Magistrate Judge's December 8, 2016, Order [5] is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file, on or before March 16, 2017, the supplemental pleadings required by the Magistrate Judge's November 17th Order [2].  Plaintiff is cautioned that failure to comply with this Order may result in the dismissal of this action pursuant to Local Rule 41.3(A)(2).

**SO ORDERED** this 1st day of March, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE