# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**TRELLIS EASON and DELORES DAVIS,**

        **Plaintiffs,**

  v.

**CITIMORTGAGE, INC.,**

        **Defendant.**

1:16-cv-4247-WSD-JFK

## OPINION AND ORDER

This matter is before the Court on Plaintiff Trellis Eason's ("Eason") Emergency Motion to Set Aside Improper Foreclosure with Injunctive Relief [8] ("Emergency Motion").[1]

---

[1] Although the Emergency Motion was purportedly filed by both Eason and Plaintiff Delores Davis ("Davis") (together, "Plaintiffs"), only Eason's signature appears on the document. Parties generally are able to represent themselves *pro se*. See 28 U.S.C. § 1654. "The right to appear *pro se*, however, is limited to those parties conducting 'their own cases' and does not apply to persons representing the interests of others." Franklin v. Garden State Life Ins., 462 F. App'x 928, 930 (11th Cir. 2012); see also Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) ("[T]he privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities."). Because Eason is not an attorney and is not licensed to practice law in this Court, he cannot represent Delores Davis or any other party. The Court construes the Emergency Motion as filed only by Eason.

On November 15, 2016, Eason filed his Application for Leave to Proceed *in Forma Pauperis* [1] ("IFP Application"), attaching his Complaint [1.1] titled "Complaint Improper Foreclosure with Injunctive Relief with a Federal Stay of Eviction Pursuant to 28 USCA 1446(D)." On November 17, 2016, Magistrate Judge Janet F. King found Eason's Complaint to be "a confusing jumble of legal and statutory citations . . . seek[ing] a mixture of relief not available based on the current pleading." ([2] at 1-2 ("November 17th Order")). The Magistrate Judge concluded that the Complaint does not establish subject matter jurisdiction or properly state a claim for relief. ([2] at 7). The Magistrate Judge ordered Plaintiffs to file, within twenty-one days, a notice of removal or an amended complaint:

> Plaintiff Eason and—if she properly executes the amended pleading—Plaintiff Davis are **ORDERED** within **twenty-one days**, using case number 1:16-cv-4247, to *either* (1), pursuant to 28 U.S.C. §§ 1441 and 1446, file a notice of removal along with all of the processes, paperwork and other filings from the dispossessory proceeding in the Magistrate Court of Douglas County, or (2) file an amended complaint which complies with Fed. R. Civ. P. 8 and 10 by setting forth in separately numbered paragraphs the factual basis for Plaintiffs' claims for relief and by stating in separately enumerated counts each cause of action, supported by the factual allegations, asserted against Defendant.

([2] at 9). The Magistrate Judge warned Plaintiffs that failure to comply with these instructions could result in dismissal. ([2] at 9-10).

On December 7, 2016, Eason filed his "Emergency Motion for Entry to Reconsider Order to Remand Case Back to State Court, Motion to Vacate Remand Order with Supplemental Jurisdiction and Stay of All Related State Court Claims Pursuant to 28 U.S.C.A. 1332" [3]. The motion asked the Magistrate Judge to reconsider and vacate her November 17th Order. On December 8, 2016, the Magistrate Judge denied Plaintiff's motion. On March 1, 2017, the Court overruled Eason's Objection [5] to the Magistrate Judge's denial. ([7] ("March 1st Order"). The Court ordered Eason to "file, on or before March 16, 2017, the supplemental pleadings required by the Magistrate Judge's November 17th Order." ([7] at 5). The Court cautioned Eason that failure to do so would result in dismissal of this action. ([7] at 5).

On March 15, 2017, Eason filed his Emergency Motion, apparently seeking to remove a foreclosure action from the Magistrate Court of Douglas County. ([8] at 2-3). Eason's Emergency Motion is almost identical to his initial Complaint, which the Magistrate Judge previously found was defective, and it fails to comply with the Magistrate Judge's November 17th

Order or the Court's March 1st Order.[2] Eason has not filed "all of the processes, paperwork and other filings from the dispossessory proceeding in the Magistrate Court of Douglas County," and, to the extent his Emergency Motion is intended as an amended complaint, it clearly violates the Magistrate Judge's order to "set[] forth in separately numbered paragraphs the factual basis for Plaintiffs' claims for relief and [to] stat[e] in separately enumerated counts each cause of action, supported by the factual allegations, asserted against Defendant." ([2] at 8). Davis, in failing to present any filings in this action, has declined to participate in this litigation and also is in violation of the Magistrate Judge's November 17th Order.

This action is dismissed for failure to comply with a lawful order of the Court. See LR 41.3(A)(2), NDGa (permitting the court to "dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . fail[s] or refuse[s] to obey a lawful order of the court in the case"); see also Brown v. Tallahasse Police Dep't, 205 F. App'x 802 (11th Cir. 2006) (per curiam) ("The district

---

[2] Eason's motion, like his Complaint, contains "a confusing jumble of legal and statutory citations" and is difficult to understand. ([2] at 1-2). For example, although Eason appears to seek removal from state court, he states that "this court lacks proper jurisdiction to settle this subject matter of wrongful foreclosure." ([8] at 6). The Emergency Motion also contains long string citations to Georgia statutes or other authorities, without any meaningful explanation of their relevance. (See, e.g., [8] at 1).

court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits.  The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citations and internal quotation marks omitted)).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff Trellis Eason's Emergency Motion to Set Aside Improper Foreclosure with Injunctive Relief [8] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff Trellis Eason's Application for Leave to Proceed *in Forma Pauperis* [1] is **DENIED AS MOOT**.

**SO ORDERED** this 28th day of April, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE